## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**JUSTIN M. BLEDSOE**
**ADC #149834**                                                           **PLAINTIFF**

**v.**                          **Case No. 4:25-cv-00070-KGB-JTK**

**BLAND,** *et al.*                                                        **DEFENDANTS**

## ORDER

Before the Court are the Partial Proposed Findings and Recommendations ("Recommendation") submitted by United States Magistrate Judge Jerome T. Kearney (Dkt. No. 9). *Pro se* plaintiff Justin M. Bledsoe filed objections to the Recommendation (Dkt. No. 13).

Upon conducting a *de novo* review of the record, the Court determines that Mr. Bledsoe's objections break no new ground. Mr. Bledsoe specifically objects to Judge Kearney's recommendations that named defendants Wellpath, LLC ("Wellpath") and Evans be terminated as parties to this action and that Mr. Bledsoe's claims against them be dismissed (*Id.*, at 1–3). Mr. Bledsoe argues that Wellpath and Evans, a Health Services Administrator for Wellpath, acted with deliberate indifference to Mr. Bledsoe's serious medical needs (*Id.*). In support of this argument, Mr. Bledsoe cites to Wellpath's alleged practice of weekly auditing of medical logs and general awareness of medical decisions made by separate defendant Dr. Silakhone Douangkesone (*Id.*, at 1–2). With respect to Evans, Mr. Bledsoe cites the general job duties of a Wellpath Health Services Administrator (*Id.*, at 2–3, 5–7). However, as the Recommendation notes, supervisors incur liability under 42 U.S.C. § 1983 only where they are personally involved in the constitutional violation or else tacitly authorized the violative practices (Dkt. No. 9, at 6 (quoting *Luckert v. Dodge Cnty.*, 684 F.3d 808, 817 (8th Cir. 2012)). The law is clear that there is no *respondeat superior* liability under § 1983. *Id.* (quoting *Whitson v. Stone Cnty. Jail*, 602 F.3d 920, 928 (8th

Cir. 2010)).  Mr. Bledsoe does not allege any specific facts indicating the involvement of Wellpath or Evans in the alleged constitutional violations beyond the allegation that their general practices and duties ought to have put them on notice of the conduct at issue.  There is no specific factual allegation indicating that they "facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye." *Wagner v. Jones*, 664 F.3d 259, 275 (8th Cir. 2011) (quoting *Ottman v. City of Indep.*, 341 F.3d 751, 761 (8th Cir. 2003)).

Accordingly, after careful consideration, the Court approves and adopts the Recommendation in its entirety as this Court's findings in all respects (Dkt. No. 9).  Pursuant to the Recommendation, the Court:  (1) dismisses without prejudice Mr. Bledsoe's failure to train or supervise claims; (2) dismisses without prejudice Mr. Bledsoe's corrective inaction claims; (3) terminates  defendants Bland, WellPath, LLC, and Evans as parties to this action; and (4) certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

It is so ordered this 15th day of June, 2026.

*Kristine G. Baker*
Kristine G. Baker
Chief United States District Judge

2